UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO: | SECTION "N" (5) |

*Ernyes-Kofler, et al. v. Sanofi S.A., et al.*, 2:17-cv-03867
*McCallister, et al. v. Sanofi S.A., et al.*, 2:17-cv-02356

## ORDER AND REASONS

Presently before the Court is supplemental briefing on the issue of severance of multi-plaintiff cases in relation to Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California (Rec. Doc. 469). *See* Rec. Docs. 835, 837, 1717, 1748, and 1928. Having carefully considered the supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the two multi-plaintiff cases, *Ernyes-Kofler, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-03867, and *McCallister, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-02356, be **REMANDED** in their entirety to the Superior Courts of California.

Defendant sanofi-aventis U.S. LLC ("sanofi") makes the following arguments in support of severance of the multi-plaintiff cases in its initial supplemental memorandum to the Court: (1) MDL Courts routinely mandate severance of multi-plaintiff complaints; (2) Relevant case law in the context of motions to remand authorizes severance of these plaintiffs; (3) The Federal Rules of Civil Procedure authorize the severance of a multi-plaintiff complaint when plaintiffs are procedurally misjoined under Rule 20(a)(1); and (4) The Court may sever the multi-plaintiff complaints pursuant to Federal Rule of Civil Procedure 21 without a finding of procedural misjoinder. *See* Rec. Doc. 835. Out of these four arguments, the Court finds that sanofi's

1

contention that the multi-plaintiff complaints should be severed because of procedural misjoinder is most availing.

Procedural misjoinder, also known as fraudulent misjoinder, was recognized in the Eleventh Circuit case, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir.2000), and it "occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse parties." *In re Fosamax Prod. Liab. Litig.*, No. 1:06-MD-1789, 2008 WL 2940560, at *4 (S.D.N.Y. July 29, 2008). Put another way, "the claims asserted by or against the non-diverse party who is joined lack a sufficient factual nexus to the case to support joinder under applicable rules of procedure." *Id.* (internal citations omitted). Under *Tapscott*, "mere misjoinder" is not sufficient. 77 F.3d at 1360. The misjoinder must be "totally unsupported or 'egregious' misjoinder." *Bienemy v. Cont'l Cas. Co.*, No. CIV.A. 09-6647, 2010 WL 375213, at *4 (E.D. La. Jan. 26, 2010) (citing *Tapscott*, 77 F.3d at 1360). "Where fraudulent misjoinder is found, courts sever the misjoined party pursuant to Federal Rule of Civil Procedure 21, thereby preserving diversity jurisdiction over the remainder of the action. *In re Fosamax Prod. Liab. Litig*, 2008 WL 2940560, at *4. Moreover,

> District courts in the Fifth Circuit routinely consider fraudulent misjoinder to be a viable procedural attack, although the Fifth Circuit has not expressly adopted the *Tapscott* doctrine. *See, e.g., id.*; *NGO v. Essex Ins. Co.*, No. 07-7643, 2008 WL 4544352, at *2 (E.D. La. Oct. 9, 2008); *see also In re Benjamin Moore & Co.*, 318 F.3d 626, 630 (5th Cir. 2002) (recognizing the "force" of the fraudulent misjoinder doctrine). . . While there is some disagreement as to whether state or federal joinder rules determine the propriety of joinder in a removal analysis, courts in the Eastern District of Louisiana apply state joinder principles. *See Parish v. Exxon Mobile Corp.*, No. 13-6717, 2015 WL 4097111, at *12 (E.D. La. July 7, 2015); *see also Davis v. Cassidy*, No. 11–1563, 2011 WL 6180054, at *2 (E.D. La. Dec. 13, 2011); *Turner v. Murphy Oil USA, Inc.*, No. 05-4206, 2007 WL 2407310, at *5 (E.D. La. Aug. 20, 2007).

*In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. 16-1066, 2016 WL 4409555, at *4 (E.D. La. Aug. 19, 2016). Thus, while sanofi's argument focuses on joinder of Plaintiffs under Rule 20 of

2

the Federal Rules of Civil Procedure, this Court will apply the joinder principles of the state of California, where these multi-plaintiff complaints were originally filed.

California Code of Civil Procedure §378, which governs the joinder of plaintiffs and is essentially the same as Rule 20(a) of the Federal Rules of Civil Procedure, provides that:

> All persons may join in one action as plaintiffs if …. [t]hey assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Cal. Civ. Proc. Code § 378(a). Moreover, California's joinder rules are interpreted more liberally than Federal Rule of Civil Procedure 20(a). *See In re Fosamax Prod. Liab. Litig.*, 2008 WL 2940560, at *8 (citing *Osborn v. Metro. Life Ins. Co.*, 341 F.Supp.2d 1123, 1128 (E.D.Cal.2004)). "The requirement that the right to relief arise from the 'same transaction or series of transactions' is construed broadly. It is sufficient if there is any factual relationship between the claims joined (and this tends to merge with the 'common question' requirement [ ] )." *Id*. (internal citations omitted).

Upon the showing made, the Court cannot conclude that Plaintiffs' claims were egregiously misjoined. *See Blasco v. Atrium Med. Corp.*, No. C 14-03285, 2014 WL 12691051, at *7-8 (N.D. Cal. Oct. 30, 2014) ("The tenuous connection between the eight individual Plaintiffs' claims in this case make it a close question whether joinder was proper even under California's liberal interpretation of its joinder rule. . . Further, even if the propriety of the joinder is questionable, the Court does not find that it is so 'egregious' as to require the application of the fraudulent misjoinder doctrine."). Defendants assert that despite the lack of case-specific allegations within the multi-plaintiff complaints, "it is incredibly likely that, among other things, each Plaintiff was diagnosed with breast cancer at different times, had different breast cancer diagnoses, had different

3

prescribing physicians, were treated with different chemotherapy combinations, were treated for different periods of time, had different subsequent medical treatment, and have different degrees of alleged persistent alopecia." (Rec. Doc. 835). However, it is also possible that there may be common factual and legal issues between these Plaintiffs' claims. *See Blasco*, 2014 WL 12691051, at *8 ("On the one hand, there are factual differences between the individuals' claims against the various Defendants and there may well be separate legal issues that arise with respect to the various Plaintiffs. On the other hand, there are some common questions of law and fact connecting all of the Plaintiffs' claims against the various Defendants"). Thus, severance is inappropriate under the instant circumstances, as the Court has not found egregious misjoinder of Plaintiffs' claims.

In addition to the supplemental briefing in support of severance, sanofi subsequently filed another supplemental memorandum, arguing that Plaintiffs have no basis upon which to pursue their product liability claims against McKesson Corporation ("McKesson") because recently discovered information revealed that McKesson did not distribute Taxotere or docetaxel to the facilities where Plaintiffs Klara Ernyes-Kofler, Lisa McCallister, Sandra Isham, and Josephine Hicks received their respective docetaxel infusions. *See* Rec. Doc. 1717. However, Plaintiffs submit that at least one Plaintiff's medical records explicitly state that she received docetaxel from McKesson Packaging Services, creating a factual dispute as to McKesson's involvement. (Rec. Doc. 1748 at p. 2). In response, sanofi argues that the medical records reveal that this plaintiff received docetaxel manufactured or branded by McKesson, not Taxotere or docetaxel manufactured by sanofi, so sanofi should be dismissed from that case prior to remand. *See* Rec. Doc. 1928. However, the Court has previously considered the propriety of McKesson's joinder with regard to Plaintiffs Klara Ernyes-Kofler, Lisa McCallister, Sandra Isham, and Josephine

Hicks, and given the factual dispute as to McKesson's involvement with regard to at least one Plaintiff, remand is appropriate under the circumstances.

Accordingly,

**IT IS ORDERED** that the two multi-plaintiff cases, *Ernyes-Kofler, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-03867, and *McCallister, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-02356, be **REMANDED** in their entirety to the Superior Courts of California.

New Orleans, Louisiana, this 15th day of May 2018.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**